ROBERTSON
*vs.*
NOTT.

The presumption which arises from a bill being drawn in the usual form, that it was intended it might be negotiated, yields to testimony of the contrary.

### *ROBERTSON* vs. *NOTT.*

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. This case has been already before us, and was remanded for a new trial. *Vol.* 2. In the opinion already delivered, the pleadings and evidence are detailed at length, and it is considered unnecessary to repeat them here.

The main question at issue, on which the whole cause turned, was, whether the bill of exchange was not delivered to the defendant out of the ordinary course of business, and with the understanding of the parties, that it was not to be negotiated.

This fact the court below has now decided in the affirmative, and with that decision we concur. The evidence taken on the last trial strengthens our first view of the subject. It has been proved that it is not the custom of merchants in this place, to negotiate bills drawn by the shipper of goods upon the consignee for advances made here. Without any such evidence, we should have been disposed to think, that in contracts, such as that now before us, when the money advanced was to be re-placed by the sale of proceeds at the place to which

the goods were shipped, no such usage could exist. For it would be making the party receiving the advances responsible for all the consequences of replacing the money here. The recognition of such a rule, and the application of it to this particular case, would be making the plaintiff responsible for the fault of the defendant, who engaged to make liberal advances; and through whose agency and supposed credit with the house in London, the whole transaction originated.

The counsel for the defendant has strenuously contended—that the presumption arising from the fact of drawing the bill in a negotiable form, was too violent to be destroyed by such testimony as was introduced in this case. The evidence, though not express on this point, is sufficiently strong to satisfy us that such was the understanding of the parties? and with this conviction on our minds, we cannot refuse to give the plaintiff the benefit of it. Obliged, as we said, on a former occasion, to decide on questions of fact as well as law, we cannot exact, and if we did, we could not in all cases obtain, positive and direct proof of every fact which is contested. We must therefore draw fair and reasonable conclusions from the testi-

ROBERTSON
vs.
NOTT.

mony, such as it is submitted to us, and pronounce accordingly.  9 *Martin*, 388.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Pierce* for the palintiff, *Waggaman* for the defendant.